274 F.2d 492
 CARPINTERIA LEMON ASSOCIATION, a corporation, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CARPINTERIA LEMON ASSOCIATION, a corporation, Respondent.
SEABOARD LEMON ASSOCIATION, a corporation, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SEABOARD LEMON ASSOCIATION, a corporation, Respondent.
OXNARD CITRUS ASSOCIATION et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
OXNARD CITRUS ASSOCIATION et al., Respondents.
SOMIS LEMON ASSOCIATION, a corporation, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SOMIS LEMON ASSOCIATION, a corporation, Respondent.
SANTA CLARA LEMON ASSOCIATION, a corporation, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SANTA CLARA LEMON ASSOCIATION, a corporation, Respondent.
 No. 14823.
 No. 14824.
 Nos. 14838-14840.
 United States Court of Appeals Ninth Circuit.
 January 22, 1960.
 
 Donald Pollack, Oxnard, Cal., William Leeker, Carpinteria, Cal., Leon L. Gordon, Los Angeles, Cal., for petitioners.
 
 
 1
 Jerome D. Fenton, Gen. Coun., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Coun., Duane Beeson, Atty., National Labor Relations Board, Washington, D. C., for National Labor Relations Board.
 
 
 2
 Before STEPHENS and BARNES, Circuit Judges, and SOLOMON, District Judge.
 
 
 3
 SOLOMON, District Judge.
 
 
 4
 This matter is now before the court on employees' motions to intervene and to vacate decrees of this court, and on the National Labor Relations Board's petitions to have the respondent Associations adjudged in civil contempt.
 
 
 5
 In February, 1957, this court entered a decree enforcing orders issued by the Board against five Associations of citrus fruit growers. The orders required the Associations to bargain collectively with the United Packinghouse Workers local as exclusive representative of their employees. At that time, we rejected the Associations' contention that the repudiation of the Union by a majority of the employees of each Association, shortly after certification of the Union as bargaining representative, relieved the Associations of the duty to bargain with the Union. Carpinteria Lemon Ass'n v. N. L. R. B., 9 Cir., 1956, 240 F.2d 554; certiorari denied 1957, 354 U.S. 909, 77 S.Ct. 1295, 1 L.Ed.2d 1427.
 
 
 6
 In March, August, and September, 1958, substantially the same employees who had been parties to the initial employee repudiation of the Union filed decertification petitions with the Board. The Regional Director of the Board dismissed the petitions and the Board affirmed the dismissals.
 
 
 7
 In November, 1958, motions to intervene in this proceeding were filed in this court on behalf of these same employees. The movants allege that the Associations had bargained with the Union for more than a year prior to the filing of the decertification petitions. They claim that they are entitled to a decertification election at the present time and, to facilitate such election, request this court to vacate its decree.
 
 
 8
 Thereafter, the Board petitioned the court to adjudge the five Associations in civil contempt for failure to comply with the court's decree. We ordered the Associations to show cause why they should not be adjudged in contempt.
 
 
 9
 During the period following the entry of this court's decree, the Associations adopted a consistent pattern of delay and impediment to negotiation.
 
 
 10
 The court entered its decree in February, 1957. In March, the Associations commenced negotiations only after they announced that their decision to petition for certiorari would depend upon the outcome of the negotiations, and after they made oral and written statements to the effect that the order of the court required them to bargain — not to come to terms.
 
 
 11
 As soon as the employee decertification petitions were filed, the Associations broke off negotiations and refused to resume them despite the fact that the Regional Director dismissed the petitions and the Board affirmed.
 
 
 12
 All of the Associations are located in the vicinity of Oxnard, California; four of them, in the city itself. All are represented by common counsel, yet they insisted that the Union negotiate separately with each Association. Although the Union pressed for frequent bargaining sessions, the bargaining committees of the Associations and their counsel found it inconvenient. From March, 1957, until August, 1958, when negotiations with the last Association were terminated, a period of more than 17 months, Carpinteria Lemon Association met with the Union 8 times; Somis, 8 times; Oxnard, 7 times; and Seaboard, 9 times.
 
 
 13
 Beginning in September, 1957, at the urging of the Union, but without any commitment from the Associations, more frequent meetings were held with the Santa Clara Lemon Association, in the hope that the agreements reached with that Association would provide a pattern for the other Associations. To this end, 15 meetings were held between September, 1957, and April, 1958, when the Associations refused to hold any more meetings because the decertification petitions had been filed.
 
 
 14
 These facts are undisputed. Some of them show a disposition not to bargain. Others, when considered in isolation, are inoffensive and even proper, but when considered in the context of the long history of antagonism and the strained bargaining relationship existing between the parties, clearly show that the Associations have failed to bargain in good faith with the Union as required by this court's order.
 
 
 15
 We entertain grave doubts as to the standing of the employees to intervene in this proceeding. Cf. Haleston Drug Stores, Inc. v. N. L. R. B., 9 Cir., 1950, 190 F.2d 1022; Semi-Steel Casting Co. of St. Louis v. N. L. R. B., 8 Cir., 1947, 160 F.2d 388. But see N. L. R. B. v. Sanson Hosiery Mills, Inc., 5 Cir., 1952, 195 F.2d 350. Even if the employees were permitted to intervene, the motions to vacate would have to be denied, since it is admitted that they depend upon a finding that the Associations complied with this court's order. We have found that they did not comply.
 
 
 16
 The petitions to adjudge the Associations in civil contempt are granted.
 
 
 17
 Each Association is hereby ordered to purge itself of contempt by
 
 
 18
 (1) resuming forthwith, negotiations with the Union and bargaining collectively in good faith as required by the decree of this court;
 
 
 19
 (2) posting notices, when requested to do so by the Board, for a period of sixty consecutive days at its plant, in conspicuous places, including all places where notices to employees are customarily posted, stating that the Association, its officers and agents, have been adjudged in contempt of this court for failure to comply with the court's decree, that they will comply with subparagraph (1).
 
 
 20
 To insure compliance with subparagraphs (1) and (2) of this order, this court will retain jurisdiction of these matters and orders each Association to file a report of the progress of the negotiations with the Union and the steps taken to purge itself of contempt within 90 days from the date of this order.
 
 
 21
 We believe that this is a proper case for the imposition of costs incurred by the Board (See N. L. R. B. v. Republican Publishing Co., 1 Cir., 1950, 180 F.2d 437), and therefore order that the Associations also make reimbursement to the Board for all proper costs incurred in the preparation and prosecution of this petition for contempt. The amount thereof, in the event of disagreement between the parties, will be referred to this court for determination and supplemental decree.