PUERTO RICO LABOR RELATIONS BOARD (in the name and on behalf of SERGIO RIVERA HERNÁNDEZ), Petitioner, *v.* COOPERATIVA CAFETEROS DE PUERTO RICO, Defendant.

No. JRT-62-9.        Decided November 29, 1963.

---

488

*J. B. Fernández Badillo,* Solicitor General, *José Orlando Grau,* and *J. F. Rodríguez Rivera* for petitioner. *Héctor González Blanes* for defendant.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: This is a petition of the Puerto Rico Labor Relations Board on behalf of Sergio Rivera Hernández, a member of the Unidad General de Trabajadores de Puerto Rico, UBWA, AFL-CIO, Local 611, U.G.T., a labor organization which admits to membership employees of defendant

Cooperativa Cafeteros de Puerto Rico. Said petition is filed by the Board in this Court under § 9(2)(c) of the Puerto Rico Labor Relations Act, 29 L.P.R.A. § 70(2)(c),[1] in which it is requested that defendant be ordered to comply with the arbitration award rendered by arbitrator, Oscar Lausell, on April 5, 1962.

On June 2, 1961 the Union and the employer subscribed a collective bargaining agreement to expire on May 30, 1963. In its § 3 said agreement provided for arbitration for the solution of controversies. It provided for the creation of a Grievance Committee composed of two representatives for the Union and two for the employer. Whenever they could not reach an agreement, with respect to any complaint under the consideration of the Committee, the Secretary of Labor shall designate a fifth member who shall render an arbitration award, its decision being final and binding on both parties.

On February 17, 1962 Sergio Rivera Hernández was discharged by defendant from his employment. Both parties agreed to submit to arbitration the question of whether or not the discharge was justified. Accordingly, Oscar Lausell was designated as arbitrator, since he was attached in that same capacity to the Mediation and Conciliation Bureau of the Department of Labor of Puerto Rico.

On March 12, 1962 a hearing was held before the arbitrator in which all the requirements of the due procedure

---

[1] Said section provides:

"In order to promote collective bargaining, the Board may, in the exercise of its discretion, aid in the enforcement of arbitration awards issued by competent arbitration agencies, whether designated according to the terms of any collective bargaining contract executed between an employer and a labor organization or by virtue of any agreement signed by a labor organization and an employer. Upon the issuance of an arbitration award, the Board may give advice at the request of any party to such award or may, if requested to do so, file in the name of the party so requesting, the proper judicial proceeding in the Supreme Court of Puerto Rico to enforce such award or arbitration."

were fully complied with. On April 5, 1962 arbitrator Oscar Lausell rendered the corresponding award in which he modified the discharge of Sergio Rivera Hernández with a suspension of employment and salary effective from the date of his discharge until April 9, 1962 at which time he was to be reinstated to his former employment.

As a result of defendant's refusal to comply with the arbitration award the Board filed the present petition on July 23, 1962 and this Court ordered defendant, by decision of July 30, 1962, to show cause why the petition should not be granted.

■ In the showing of cause defendant alleges, first: that the arbitrator committed lack of good judgment and abuse of discretion in deciding that the discharge was not justified; second: that the conclusion to the effect that the arbitrator was precluded from considering the employee's former conduct because defendant had condoned it, was fundamentally erroneous; third: that there is improper and biased construction of the case of *Labor Rel'n Board* v. *Soc. Mario Mercado e Hijos,* 74 P.R.R. 376 (1953); fourth: that defendant's rights were evidently violated; fifth: that the employee having failed to report to work on April 9, 1962, according to arbitrator's decision, defendant was not bound to keep the position open or to pay salaries for time not worked. Therefore he filled the position with another person on April 14, 1962.

We have already stated in *Labor Relations Board* v. *N.Y. & P.R. S.S. Co.,* 69 P.R.R. 730 (1949), the grounds on which an arbitration award based on voluntary submission may be impeached. We stated therein that such grounds "are limited to (1) fraud, (2) misconduct, (3) lack of due process in the conduct of the hearing, (4) violation of public policy, (5) lack of jurisdiction, and (6) want of entirety." Defendant does not invoke any of the stated grounds to place us in a position to pass on the validity of the award rendered. And

even if it had invoked any of those grounds we do not believe, from an examination of the record, that it would have succeeded.

■ Defendant, in its arguments of the first and second grounds, in synthesis, tries to attack the arbitrator's weighing of the evidence. The arguments of the third and fourth grounds are directed at indicating the arbitrator's failure to conform to law. Let us see what we have said on this matter. In *Labor Relations Board* v. *N.Y. & P.R. S.S. Co.*, *supra*, we said:

"As the Board pointed out at the oral argument, the Board or this Court might have arrived at a different conclusion if the issues had been submitted to it or to us. But parties who enter into an agreement of this nature must understand that they have substituted the arbitrator for the courts for the determination of all questions of fact and substantive law. The company bargained away its right to litigate such questions in the courts. We are powerless to come to its rescue."

In *P.R. Labor Rel. Board* v. *Orange Crush of P.R.*, 80 P.R.R. 281 (1958), a controversy arose as to whether an employee was entitled to compensation for accumulated vacation by virtue of a covenant. The controversy being submitted to the arbitrator he decided in favor of the employee. We stated the following therein:

"The respondent alleges, briefly, that 'if laborer Angel Luis Santos would have worked any number' (of hours) 'in excess of 2,000 hours, he would have been given in that case the proportional part of the vacation to which he was entitled upon ceasing in his work.' It is clear that either of the two hypotheses may be the object of elaborate argument. But our authority at this time to set aside an arbitration award made by virtue of a covenant under a collective bargaining agreement is strictly limited. In the absence of fraud, misconduct, lack of due process in the conduct of the hearing, violation of public policy, lack of jurisdiction, and want of entirety—*Labor Relations Board* v. *N.Y. & P.R. S.S. Co.*, 69 P.R.R. 730, 746 (Snyder) (1949)— we lack authority to set aside an arbitration award 'for mere

errors of judgment either as to the law or as to the facts.' The purpose of statutes of this nature is precisely to place labor-management disputes outside the juridical subtlety and within the sound judgment of the arbitrator."

For cases reiterating said principles see: *Ríos* v. *Puerto Rico Cement Corp.*, 66 P.R.R. 446, 453, 454 (1946); *P.R. Housing Authority* v. *Sup'r Ct.; Zequeira, Int.*, 82 P.R.R. 333, 341–342 (1961); *Labor Relations Board* v. *Valencia Baxt Express*, 86 P.R.R. 267 (1962); *Pérez* v. *Water Resources Authority*, 87 P.R.R. 110 (1963).

■ It does not appear from the record that the Union and the employer had agreed that the arbitrator shall decide according to law. This being so we are not bound to pass on questions which the arbitrator was to decide at law. On this point we said in *Labor Relations Board* v. *N.Y. & P.R. S.S. Co.*, *supra:*

"The situation would be different if the collective bargaining agreement or the submission to arbitration had provided that the Arbitration Committee must decide according to law. 'Where the parties so provide, the arbitrators must follow rules of law, and make their award in accordance with the prevailing legal doctrines. If the arbitration agreement is silent with regard thereto, at common law and under most of the arbitration statutes, the arbitrators may declare law as they please, and no award will be vitiated because of their legal errors . . . .' "

■ Notwithstanding the foregoing, we believe that the arbitrator's construction of the case of *Labor Rel'n Board* v. *Soc. Mario Mercado e Hijos*, 74 P.R.R. 376 (1953), is correct. In the absence of an express restriction the arbitrator was empowered to modify the penalty imposed by the employer when he considered it too severe and drastic. *Labor Relations Board* v. *N.Y. & P.R. S.S. Co.*, *supra* at 730; 43 Ill. L. Rev. 856. Arbitrator Lausell considered that the facts before him justified a disciplinary action but not a discharge, which he considered too severe, and not commensurate with the offense committed, and hence unjustified. He proceeded

to modify it as aforesaid. We cannot intervene in the merits of that determination without contravening the principles which govern the position of trial courts in relation to arbitration awards.

■ As its last argument defendant points out that the failure of Sergio Rivera Hernández to report to work on April 9, 1962 caused it to fill the position he occupied on April 14, 1962, of which fact it notified the arbitrator on that same day. It maintains that in thus acting Sergio Rivera Hernández disregarded the terms of the award for which reason it was not bound to keep the position open or pay salaries for a period not worked by him. Defendant is not right. The obligation to reinstate the employee is of a positive nature in this case which originates from the authority of the arbitrator. Its compliance did not depend on what the employee would do, but on the positive action of the employer to comply with the award. The failure of Rivera Hernández to report to work cannot favor defendant, when it scarcely waited five days, after the date on which it was bound to reinstate the employee, to fill the vacancy.

*N.L.R.B.* v. *Republican Publishing Co.*, 180 F.2d 437, 439 (1950) dealt with the execution of a reinstatement order of the National Labor Relations Board. The employer alleged that neither the employee nor any person on his behalf claimed the reinstatement. The court, disagreeing with this allegation, responded as follows:

"If this were true, it would be wholly irrelevant. The order required respondents to offer MacCarthy, full and immediate reinstatement to the position of photographer. It was thus incumbent upon respondents, without waiting for a formal demand by MacCarthy, to take the initiative of communicating with him and tendering him back his old job."

For cases of noncompliance with the obligation to communicate to the employee the purpose of reinstating him in his

employment, see: *N.L.R.B.* v. *Jay Co.*, 227 F.2d 416, 419 (1954); *Monroe Feed Store*, 43 L.R.R.M. 1334 (1959).

Said initiative on the part of defendant does not appear in the record before us. The record shows that defendant *notified the arbitrator* that Sergio Rivera Hernández did not report to work and that the position was filled that same day, April 14, 1962. It never notified the discharged employee of the intention of reinstating him to his former employment, requesting him to report to work. In the record there is a copy of a letter sent by Federico Varela, Chairman of the Labor Relations Board to defendant, telling it about the employee's request to the Union Board, of which he is a member, "to help him enforce" the award. It is further informed of the efforts and steps taken by the Union requesting the compliance with the award, without having any success. Said letter is dated April 24, 1962, that is, 15 days after the date on which the employee should have been reinstated.

It being incumbent on defendant to take the initial steps for the reinstatement, there is no reasonable ground to hold that it is relieved from its obligation.

The petition is sustained and judgment will be rendered ordering defendant Cooperativa Cafeteros de Puerto Rico to comply with the arbitration award rendered by arbitrator Oscar Lausell on April 5, 1962.