JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO (a nombre y en representación de SERGIO RIVERA HERNÁNDEZ), peticionaria, *v.* COOPERATIVA CAFETEROS DE PUERTO RICO, demandada.

*Número*: JRT-62-9    *Resuelto*: 29 de noviembre de 1963

---

*J. B. Fernández Badillo, Procurador General, José Orlando Grau, y J. F. Rodríguez Rivera,* abogados de la peticionaria; *Héctor González Blanes,* abogado de la demandada.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: La presente es una petición de la Junta de Relaciones del Trabajo de Puerto Rico a nombre de Sergio Rivera Hernández, miembro de la Unidad General de Trabajadores de Puerto Rico, UBWA, AFL–CIO, Local 611, U.G.T., organización obrera que admite en su matrícula empleados de la demandada Cooperativa Cafeteros de Puerto Rico. La

referida petición la radica la Junta ante este Tribunal al amparo del Art. 9 (2) c de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 70 (2) c (1), en la que solicita se ordene a la demandada a cumplir con el laudo de arbitraje emitido por el árbitro señor Oscar Lausell en 5 de abril de 1962.

El 2 de junio de 1961 la Unión y el patrono firmaron un convenio colectivo el que se extendería hasta mayo 30 de 1963. Mediante su artículo tercero dicho convenio proveía un mecanismo de arbitraje para la solución de controversias. Disponía acerca de la creación de un Comité de Quejas y Agravios compuesto por dos representantes de la Unión y dos del patrono. Cuando con respecto a cualquier querella ante la consideración del Comité no pudiera llegarse a un acuerdo, el Secretario del Trabajo designaría un quinto miembro quien rendiría un laudo de arbitraje, siendo su decisión final y obligatoria para ambas partes.

El 17 de febrero de 1962 el señor Sergio Rivera Hernández fue despedido de su empleo por la demandada. Ambas partes convinieron en someter a arbitraje la cuestión de si estuvo o no justificado el despido. A este efecto se designó como árbitro al señor Oscar Lausell, árbitro adscrito al Negociado de Conciliación y Arbitraje del Departamento del Trabajo de Puerto Rico.

El 12 de marzo de 1962 fue celebrada la vista ante el árbitro en la que se cumplió cabalmente con las exigencias

---

(1) Dispone así dicho artículo:

"A los fines de promover la negociación colectiva, la Junta podrá, en el ejercicio de su discreción, ayudar a poner en vigor laudos de arbitraje emitidos por organismos competentes de arbitraje, bien designados de acuerdo con cualquier convenio colectivo firmado por un patrono y una organización obrera, o en virtud de cualquier acuerdo firmado por una organización obrera y su patrono. Después de emitido un laudo de arbitraje la Junta, a solicitud de cualquiera de las partes en el procedimiento de arbitraje, podrá dar su consejo o podrá, si fuere requerida para ello, a nombre de la parte que lo solicite, entablar acción legal adecuada ante la Corte Suprema de Puerto Rico para que se ponga en vigor el laudo de arbitraje."

de un debido procedimiento. El 5 de abril de 1962 el árbitro Oscar Lausell emitió el correspondiente laudo en el que modificó el despido del señor Sergio Rivera Hernández por una suspensión de empleo y sueldo efectivo desde la fecha de su despido hasta el 9 de abril de 1962 cuando debería ser repuesto a su antiguo empleo.

Fue como consecuencia de la negativa por parte de la demandada a dar cumplimiento al laudo de arbitraje que la Junta instó el presente recurso con fecha 23 de julio de 1962, ordenando este Tribunal a la demandada, mediante su Resolución del 30 de julio de 1962, mostrar causas por las cuales no deba concederse lo solicitado en la petición.

En la mostración de causa alega la demandada, primero: que incurrió el árbitro en falta de buen juicio y abuso de discreción al decidir que el despido no estuvo justificado; segundo: que es fundamentalmente errónea la conclusión al efecto de estar impedido el árbitro de considerar la conducta anterior del empleado por haberla condonado la demandada; tercero: que existe indebida y parcializada interpretación del caso de *Junta* v. *Mercado*, 74 D.P.R. 403 (1953); cuarto: que se cometió una violación clara de los derechos de la demandada; quinto: que no habiéndose presentado a trabajar el empleado el día 9 de abril de 1962, conforme decidió el árbitro, no venía la demandada obligada a mantener el puesto abierto ni pagar salario por el tiempo no trabajado. En tal sentido cubrió dicho empleo con otra persona el día 14 de abril de 1962.

Ya en *Junta Relaciones del Trabajo* v. *N.Y.& P.R.S/S Co.*, 69 D.P.R. 782 (1949), señalamos los motivos por los cuales puede ser impugnado un laudo de arbitraje, basado en una sumisión voluntaria. Dijimos allí que tales fundamentos "se reducen a (1) fraude, (2) conducta impropia, (3) falta del debido procedimiento en la celebración de la vista, (4) violación de la política pública; (5) falta de jurisdicción; y (6) que el laudo no resuelva todas las cuestiones en controversia que se

sometieron." Ninguno de los mencionados motivos invoca la demandada para que nos coloque en posición de pasar sobre la validez del laudo rendido. Un examen del expediente tampoco nos conduce a pensar que hubiese tenido éxito de haber invocado cualquiera de esos motivos.

■ La demandada en la argumentación de los motivos primero y segundo, en síntesis, trata de atacar la apreciación que de la prueba desfilada hiciera el árbitro. Los razonamientos de los motivos tercero y cuarto van dirigidos a señalar la falta por parte del árbitro de ajustarse a derecho. Veamos qué hemos dicho sobre estos extremos. En *Junta Relaciones del Trabajo* v. *N.Y.& P.R.S/S Co.*, supra, dijimos:

"Según indicó la Junta en la vista oral de este caso, ella o este Tribunal quizá hubieran llegado a una conclusión distinta si las cuestiones hubieran sido sometidas a ella o a nosotros. Pero las partes que firman un convenio de esta naturaleza deben comprender que han sustituido al árbitro por las cortes para la determinación de todas las cuestiones de hecho y de derecho sustantivo. La compañía renunció su derecho a litigar tales cuestiones ante los tribunales. No estamos autorizados para devolvérselo."

En *Junta Rel. Trabajo* v. *Orange Crush of P.R.*, 80 D.P.R. 292 (1958), surgió una controversia en cuanto al derecho de un empleado a recibir compensación por vacaciones acumuladas de acuerdo con los términos de un convenio. Sometida al árbitro la controversia decidió éste en favor del empleado. De esta manera nos expresamos allí:

"En síntesis lo que alega la recurrida es que 'si el obrero Angel Luis Santos hubiera trabajado cualquier cantidad' (de horas) 'en exceso de las 2,000 horas entonces sí que hubiera tenido la parte proporcional de vacaciones a que tenía derecho al cesar de trabajar.' Como se ve, cualquiera de las dos hipótesis puede ser objeto de una acuciosa argumentación. Mas nuestra autoridad en este momento para dejar sin efecto un laudo de arbitraje rendido en virtud de un acuerdo autorizado por convenio colectivo, es sumamente limitada. En ausencia de fraude,

conducta impropia, falta del debido procedimiento en la celebración de la vista, violación de la política pública, falta de jurisdicción o dejar de resolver todas las cuestiones sujetas a controversia—*Junta Relaciones del Trabajo* v. *N.Y.& P.R.S/S Co.,* 69 D.P.R. 782 (Snyder) (1949), cita precisa a la pág. 800— carecemos de autoridad para anular un laudo de arbitraje 'por meros errores de criterio, ya sean éstos en cuanto a la ley o en cuanto a los hechos.' Casualmente lo que persiguen los estatutos de esta naturaleza es situar fuera de la sutileza jurídica y dentro del sano juicio del amigable componedor, las disputas obrero-patronales."

Para casos reiterando esos mismos principios, véanse: *Ríos* v. *Puerto Rico Cement Corp.,* 66 D.P.R. 470, 477, 478 (1946); *Autoridad Sobre Hogares* v. *Tribunal Superior,* 82 D.P.R. 344, 353 (1961); *Junta Rel. Trabajo* v. *Valencia Baxt,* 86 D.P.R. 282 (1962); *Pérez* v. *Autoridad Fuentes Fluviales,* 87 D.P.R. 118 (1963).

■ De los autos no surge que hubiesen convenido la Unión y el Patrono el que el árbitro resolvería de acuerdo a derecho. Siendo así no estamos obligados a pasar sobre las cuestiones que en derecho resolviera el árbitro. Sobre este punto dijimos en *Junta Relaciones del Trabajo* v. *N.Y.& P.R.S/S Co.,* supra:

"La situación sería diferente si el convenio colectivo o la sumisión a arbitraje hubiera provisto que el comité de arbitraje deberá decidir las cuestiones sometídasle de acuerdo a derecho. Cuando las partes así lo disponen, los árbitros deben seguir las reglas de derecho, y rendir sus laudos a tenor con las doctrinas legales prevalecientes. Si el convenio nada dice en cuanto a esto, de conformidad con la Ley Común y bajo la mayoría de las leyes de arbitraje, los árbitros pueden declarar cuál es la ley, y ningún laudo será anulado a causa de sus errores de derecho. . . . ."

■ No obstante lo anterior, creemos correcta la interpretación que diera el árbitro del caso de *Junta Rel. Trabajo* v. *Mario Mercado e Hijos,* 74 D.P.R. 403 (1953). No existiendo una prohibición expresa tenía poder el árbitro para modificar la pena impuesta por el patrono cuando encontrare que ésta

es sumamente severa y drástica. *Junta Relaciones del Trabajo* v. *N.Y.& P.R.S/S Co.*, supra, pág. 803; 43 Ill. L. Rev. 856. El árbitro, señor Lausell, encontró que los hechos ante él justificaban una acción disciplinaria pero no el despido, que consideró muy severo y que no guardaba proporción con la falta cometida, convirtiéndose en injustificado. Procedió a modificarlo de la manera antes dicha. En los méritos de esa determinación no podemos intervenir sin contravenir a los principios que regulan la posición que han de asumir los tribunales de justicia frente a los laudos de arbitraje.

■ Como último punto se señala por la parte demandada que por no haberse presentado Sergio Rivera Hernández a trabajar el día 9 de abril de 1962 dio motivo para que ella cubriera el cargo que aquél ocupaba el día 14 de abril de 1962, comunicando al árbitro de ese hecho en ese mismo día. Sostiene que al así actuar Sergio Rivera Hernández desatendió los términos del laudo por lo que no venía obligada a mantener el puesto ni pagar salarios por tiempo no trabajado por él. No tiene razón la demandada. La obligación de reponer al empleado es una de carácter positivo en este caso que nace del mandato del árbitro. No dependía para su cumplimiento de lo que pudiera hacer el empleado y sí de la acción positiva del patrono para cumplir con el laudo. La falta de presentarse a trabajar el señor Rivera Hernández no puede favorecer a la demandada, cuando apenas esperó cinco días, luego de la fecha en que venía obligada a reponer al empleado, para cubrir la vacante.

En *N.L.R.B.* v. *Republican Publishing Co.*, 180 F.2d 437, 439 (1950), se trataba de hacer cumplir una orden de reposición de la Junta Nacional de Relaciones del Trabajo. El patrono alegó que ni el empleado ni ninguna otra persona en su nombre reclamaron ser repuestos. Al no estar de acuerdo el tribunal con esta alegación respondió de la siguiente manera:

"Si esto fuera cierto, sería totalmente irrelevante. La orden requirió a los demandados ofrecer a McCarthy completa e in-

mediata reposición en la posición de fotógrafo. Le incumbía a los demandados, sin esperar de una reclamación formal por parte de McCarthy, tomar la iniciativa de comunicarse con él y devolverle su antiguo empleo."

Para casos en que no se cumple con el deber de comunicarse con el empleado con el fin de reponerlo en su empleo, véanse: *N.L.R.B.* v. *Jay Co.*, 227 F.2d 416, 419 (1954); *Monroe Feed Store*, 43 L.P.R.M. 1334 (1959).

No aparece de los documentos que tenemos ante nos que tuviera lugar esa iniciativa de parte de la demandada. Indica ésta que *le notificó al árbitro* del hecho de no haberse presentado a trabajar el señor Sergio Rivera Hernández y de haber llenado la plaza el mismo día 14 de abril de 1962. En ningún momento le notificó al empleado despedido de la intención de reponerlo a su antiguo empleo, requiriéndole que regresara al trabajo. Obra en autos copia de una carta que enviara el señor Federico Barela, Presidente de la Junta de Relaciones del Trabajo, a la demandada, indicándole acerca de la solicitud que hiciera ante la Junta la Unión, de la que es miembro el empleado, para que "ayude a poner en vigor" el laudo. Se le informa, además, por la misma de los esfuerzos y gestiones realizados por la Unión solicitando el cumplimiento del laudo, habiendo resultado infructuosos. Dicha comunicación tiene fecha de 24 de abril de 1962, o sea, unos 15 días luego de la fecha en que debía reponerse al empleado.

Siendo de la incumbencia de la demandada dar los pasos iniciales hacia la reposición, no existe base razonable para sostener que haya quedado relevada de su obligación.

*Se declarará con lugar la petición y se dictará sentencia ordenando a la demandada Cooperativa Cafeteros de Puerto Rico proceda a cumplir con el laudo de arbitraje emitido por el árbitro señor Oscar Lausell en 5 de abril de 1962.*