Junta de Relaciones del Trabajo de Puerto Rico, peticionaria *v.* Puerto Rico Telephone Co., Inc., demandada.

*Número:* O-77-463     *Resuelto:* 30 de marzo de 1978

*José Velaz Ortiz,* abogado de la peticionaria; *Laffitte & Domínguez,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La demandada Puerto Rico Telephone Co. y la Unión Independiente de Empleados Telefónicos sometieron al Arbitro F. Hernández Benítez del Negociado de Conciliación y Arbitraje del Departamento del Trabajo la siguiente controversia:

"Determinar si el despido del Sr. Frederick Natal Ocasio estuvo o no justificado."

El 3 mayo, 1976, notificado el día 10 siguiente, el árbitro emitió el siguiente laudo:

"DECISION[1]

El despido del Sr. Frederick Natal Ocasio no estuvo justificado. Sin embargo, cometió una falta que amerita cierto grado de disciplina fuerte. Ordenamos, pues, la reposición del Sr. Frederick Natal Ocasio en su empleo, efectivo al día siguiente del recibo de esta decisión, sin derecho a paga atrasada."

Recibido el laudo, la querellada Puerto Rico Telephone Co. no llamó al querellante a su empleo. El 3 junio, 1976 su Director de Relaciones de Empleados remitió al querellante Natal Ocasio carta que expresaba:

"Deseamos informarle que la Compañía esperó hasta el 25 de mayo de 1976 a que usted se presentara a trabajar. En vista de ello, y de que usted ni siquiera se comunicó con la Compañía para informar que tenía intención de regresar a su puesto, la Compañía procedió a llenar su plaza con otra persona."

El 4 enero, 1977 el empleado Natal presentó en el Negociado de Conciliación y Arbitraje un escrito titulado "Moción de Reconsideración o solicitud para que se Enmiende Laudo de Arbitraje y de Vista" en lo que concierne al castigo de suspensión que conlleva la eliminación ordenada de salarios atrasados. Dicha moción fue desestimada por el árbitro por carecer de autoridad para proveer y al recurrir el querellante en *certiorari* ante este Tribunal, denegamos el auto por falta de jurisdicción el 19 mayo, 1977 (Núm. O-77-175).

El 12 diciembre, 1977 presentó la Junta de Relaciones del Trabajo la petición para que se ponga en vigor el laudo de

---

(1) El árbitro concluyó que durante un estado huelgario en la Telefónica, el 12 de junio de 1975 el empleado querellante obstruyó e impidió los servicios de reparación de teléfonos por supervisores en las cercanías de su casa mediante insultos y denuestos que motivaron se le denunciara por alterar la paz, hechos por los que pagó multa el 4 agosto, 1975.

El 8 agosto, 1975 la compañía lo despidió, efectivo el 12 de junio, 1975.

arbitraje a tenor del Art. 9(2)(c) de la Ley de Relaciones del Trabajo de Puerto Rico que dispone:

"(c) A los fines de promover la negociación colectiva, la Junta podrá, en el ejercicio de su discreción, ayudar a poner en vigor laudos de arbitraje emitidos por organismos competentes de arbitraje, bien designados de acuerdo con cualquier convenio colectivo firmado por un patrono y una organización obrera, o en virtud de cualquier acuerdo firmado por una organización obrera y un patrono. Después de emitido un laudo de arbitraje, la Junta, a solicitud de cualquiera de las partes en el procedimiento de arbitraje, podrá dar su consejo o podrá, si fuere requerida para ello, a nombre de la parte que lo solicite, entablar acción legal adecuada ante la Corte Suprema de Puerto Rico para que se ponga en vigor el laudo de arbitraje." 29 L.P.R.A. sec. 70(2)(c).

Emitimos el 4 enero, 1978 orden requiriendo de la Puerto Rico Telephone Co., Inc., que mostrara causa por la que no deba ponerse en vigor el laudo y ambas partes han sometido alegatos, sosteniendo posiciones absolutas en favor la Junta y en contra del laudo la querellada.

La contención principal de la Telefónica es que el laudo ha perdido virtualidad y eficacia por incuria (*laches*) del empleado querellante responsable de una tardanza de más de un año (13 meses) en acudir a la Junta el 13 junio, 1977 para que se pusiera en vigor, desde que fue notificado el 10 mayo, 1976.

▉ No hay término señalado en ley para pedir intervención de la Junta de Relaciones del Trabajo, ni para ésta traer la solicitud para poner en vigor el laudo. En *Junta Rel. del Trabajo* v. *Long. Const. Co.*, 73 D.P.R. 252, 259 (1952), atendimos a esta cuestión de la siguiente manera:

"La defensa de *laches* tampoco procede porque esa defensa no debe prosperar cuando en derecho se fija un término prescriptivo para ejercitar la acción. *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 D.P.R. 525, 540; *Vidal* v. *Monagas*, 66 D.P.R. 622, 641. Rendidos laudos favorables a los obreros, al no darse cumplimiento a los mismos éstos tenían derecho a entablar individual o colectiva-

mente acción en cobro de dinero contra la demandada en reclamación de los jornales que se les adeudaran. El término prescriptivo para esta clase de acciones es el de 15 años. Artículo 1864 del Código Civil, Ed. 1930. A tenor de lo provisto por la Ley Núm. 130, supra, al acudir ante este Tribunal en solicitud de que se pongan los laudos en vigor, la Junta no ha hecho otra cosa que comparecer en representación de los obreros y para beneficio de ellos. Si éstos tenían un término de 15 años para entablar su acción personal, dada la forma en que se entabla la acción el término tiene que ser el mismo. Los recursos en ambos casos fueron presentados antes de la expiración del período prescriptivo."

▄▄ No fue correcta la calificación del recurso de la Junta al amparo del Art. 9 de la Ley como ejercicio de una causa de acción. Si era necesario establecer un paralelo procesal entre el arbitraje y el procedimiento civil, debió reconocerse que una vez adjudicada la cuestión en sus méritos por el árbitro, la acción de la Junta para poner en vigor el laudo es un trámite subordinado o auxiliar comparable con la ejecución de sentencia. Careciendo esta solicitud de la Junta de similaridad con el *ejercicio* (²) de una causa de acción, porque ya ésta se había deducido, ventilado y resuelto ante el árbitro, no le son aplicables los términos de prescripción de acciones de que tratan los Arts. 1861 al 1875 del Código Civil (31 L.P.R.A. secs. 5291–5305). (³)

▄▄ El remedio concedido por el Art. 9 (2) (c) de la Ley de Relaciones del Trabajo de Puerto Rico (29 L.P.R.A. sec.

---

(²) En torno al concepto "ejercicio" ordena el Art. 1869 del Código Civil (31 L.P.R.A. sec. 5299).

"El tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse."

(³) En *Long*, supra, el laudo se limitó a ordenar el pago de salarios equivalentes a cuatro horas de labor a los albañiles que habían perdido un día de trabajo por falta de cemento. La decisión comprende dos recursos: en uno transcurrieron 15 meses y en el otro 10 meses desde el laudo hasta la radicación de la petición por la Junta. No se enfrentó el Tribunal a la acumulación progresiva de salarios inherente a los casos de despido.

70(2) (c) ) para acudir con el laudo de arbitraje a la Junta de Relaciones del Trabajo en busca de ayuda para ponerlo en vigor, es de naturaleza procesal o adjetiva y se asemeja en su propósito al trámite para ejecución de sentencia. (Regla 51 de Procedimiento Civil.) ([4]) Si para ejecutar una sentencia que impone soluciones en el campo de relaciones privadas de la jurisdicción civil contenciosa, las Reglas conceden un término de 5 años dentro del principio de orden público que promueve la terminación de los pleitos, resalta la inadecuación del término de 15 años para poner en vigor un laudo en el campo mucho más dinámico, integrado alrededor de la más pronta solución y fin de las controversias como lo es el derecho laboral.

[5-6] La impropiedad de la provisión de un término tan largo como el de 15 años para poner en vigor un laudo se muestra en alto relieve con sólo tener presente el cambio que en dicho período puede ocurrir en salarios, personal, condiciones de trabajo, convenio colectivo, unidad contratante, plazas de empleo, y hasta en la estabilidad y existencia misma de la entidad patronal, todos los cuales crean adicionales dificultades y conflictos con la ejecución tardía del laudo. *Long*, por tanto, está en pugna desde su incepción con la deseabilidad fundada en política pública, de que las controversias laborales tengan rápida adjudicación y pronto fin. La doctrina de *Long*, supra, fue considerablemente enervada cuando al decidir que en ausencia de término específico en el convenio colectivo para someter asuntos al comité de quejas y agravios, dicho término ha de ser uno razonable, resolvimos que no lo era el de seis (6) meses porque "[n]o conduce a la paz industrial—uno de los objetivos de la Ley de Relaciones del Trabajo . . . el que las controversias entre los obreros y los patronos queden pendientes . . . por períodos largos e indefini-

---

([4]) Ordena en lo pertinente la Regla 51 que "la parte a cuyo favor se dicte sentencia, podrá ejecutarla . . . en cualquier tiempo dentro de 5 años de ser firme la misma."

dos." *Buena Vista Dairy, Inc.* v. *J.R.T.*, 94 D.P.R. 624, 629, 630 (1967). Si la celeridad en la temprana etapa de ventilación de una controversia obrero-patronal es premisa básica para la preservación de la paz industrial, ¿cómo reconocer un término de quince (15) años al trámite auxiliar ejecutivo del laudo arbitral?

■ La regla de prescripción de *Long*, supra, debe dar paso al criterio mejor fundado de "término razonable" enunciado en *Buena Vista Dairy*, supra. La razonabilidad la determinará la facultad estimativa de hechos y circunstancias del caso. En el que resolvemos, la demora de más de un año del querellante en ir a la Junta en reclamo de cumplimiento del laudo, elide esa norma de razonabilidad.

■ No se justifica esta tardanza de 13 meses. (⁵) El recurso ante la Junta para hacer cumplir el laudo de arbitraje es un trámite de común conocimiento en la práctica del derecho laboral en Puerto Rico, que además de haber recibido amplia difusión entre trabajadores y patronos, está al alcance de toda persona interesada con sólo inquirir en cualquier oficina del Departamento del Trabajo. Es todavía menos excusable la incuria del querellante en este caso porque él tuvo asesoramiento y asistencia de abogado durante la vista de arbitraje y aun cuando solicitó reconsideración del árbitro. La Junta no cuestiona el argumento de la querellada Puerto Rico Telephone Co. de que esos once meses fueron derrochados

---

(⁵) Transcurrió un año desde la notificación del laudo el 10 mayo, 1976 hasta el 13 junio, 1977 en que Natal acudió a la Junta de Relaciones del Trabajo en solicitud para poner en vigor el laudo. La Junta instó solicitud al Supremo en 12 diciembre, 1977 transcurrido 1-½ año.

"'No hay regla alguna artificial o absoluta respecto al período de tiempo o a las circunstancias que justifiquen la aplicación de la doctrina de demora (*laches*). La cuestión debe ser resuelta tomando en consideración todos los hechos y circunstancias del caso en controversia. La demora es una cuestión de hecho que debe ser resuelta por la prueba y cada caso generalmente debe determinarse por sí solo. En otras palabras, la cuestión es tal que descansa en la sana discreción de la corte.'" *Román* v. *Sucn. Domich*, 38 D.P.R. 406, 412–13 (1928).

por el querellante en mociones y recursos de patente frivolidad tratando de obtener la modificación de un laudo que él no aceptó. La incuria derrota el derecho. Puede plantearse cuando no hay plazo señalado en el estatuto para solicitar remedio, situación que se produce con la ahora acordada revocación de la regla de prescripción de *Junta de Rel. del Trabajo* v. *Long Const. Co.*, ante, pág. 259. Están presentes los elementos de dilación injustificada y de lesión a otras personas así como perjuicio a intereses privados y sociales envueltos, porque desde el 25 mayo, 1976 hay otro empleado ocupando el puesto del querellante devengando salarios que éste también reclama. *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 904, 912 (1960); *J.R.T.* v. *Marex Const. Co., Inc.*, 103 D.P.R. 135, 142 (1974); *Jiménez* v. *Junta de Retiro*, 61 D.P.R. 171, 180 (1942); *Alonso* v. *Tribl. Examinador de Médicos*, 74 D.P.R. 158, 165 (1952); *cf. Saavedra* v. *Central Coloso, Inc.*, 85 D.P.R. 421 (1962) y *Piovanetti Doumont* v. *Martínez*, 99 D.P.R. 663, 666–7 (1971); *Hull Dobbs Co.* v. *Tribunal Superior*, 82 D.P.R. 77, 79–80 (1961).

■ La querellada Puerto Rico Telephone Company acepta que no tomó la medida afirmativa de llamar al querellante a su empleo[6] cuando se le notificó el laudo del árbitro, según exige *J.R.T.* v. *Cooperativa Cafeteros*, 89 D.P.R. 498, 504 (1963), por lo que no estaba autorizada para substituirlo con otro empleado. Esta falta de iniciativa del patrono en la reposición del querellante milita contra la concesión a aquél de alivio total contra la incuria de su empleado.

■ De otro lado, el querellante repuesto no acató la decisión del árbitro que al negarle paga atrasada como medida

---

[6] El patrono no queda relevado de la obligación de reponer al empleado en acatamiento del laudo, por el hecho de que éste no se presentó al trabajo. La obligación de reponer al empleado es una de carácter positivo que nace del mandato del árbitro, y es de la incumbencia del patrono dar los pasos iniciales hacia la reposición. *J.R.T.* v. *Cooperativa Cafeteros*, supra, a las págs. 504–505.

disciplinaria convalidaba su suspensión de empleo por los once meses transcurridos entre el despido y la notificación del laudo. Su inconformidad lo colocó en una línea de conducta incompatible con su disponibilidad para regresar al empleo bajos los términos del laudo, siendo sus esfuerzos para modificarlo causa directa de la demora de más de 1-1/2 año en la radicación por la Junta de la solicitud para ponerlo en vigor. No debe beneficiarse de los salarios por dicho período.

*Se dictará sentencia de conformidad, poniendo en vigor el laudo de arbitraje y restituyendo el querellante a su empleo, sin derecho a paga atrasada ni acumulada.*

El Juez Presidente Señor Trías Monge disintió sin opinión. El Juez Asociado Señor Rigau no intervino.