JUNTA DE RELACIONES DEL TRABAJO DE P.R., peticionaria, *v.* AUTORIDAD DE COMUNICACIONES DE P.R., demandada.

*Número:* O-79-56      *Resuelto:* 30 de mayo de 1979

---

*José Velaz Ortiz,* abogado de la peticionaria; *Cerezo & Morán* y *Raúl Rodríguez Santiago,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

La Junta de Relaciones del Trabajo nos pide que pongamos en vigor el laudo de arbitraje rendido por un árbitro del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y formulado en los siguientes términos:
"LAUDO

La Autoridad de Comunicaciones ha violado el convenio colectivo al no publicar las plazas vacantes objeto de la querella y al no notificar la congelación de las mismas. De igual forma ha violado el convenio colectivo al emplear personal por contrato en contravención a las disposiciones de los Artículos *X* y *XXVIII* relacionados con NOMBRAMIENTOS.

Es por tal razón que ordenamos a la Autoridad de Comunicaciones:

1.—Que cumpla con las disposiciones del convenio colectivo para la publicación de plazas vacantes y para la notificación de plazas congeladas.

2.—Que se abstenga de contratar personal en violación a las disposiciones del convenio colectivo que reglamentan los Nombramientos."

La Autoridad de Comunicaciones se opone a la petición de la Junta aduciendo como fundamentos que: (a) el laudo viola la política pública, (b) existe un estado de derecho confuso porque hay otro laudo en conflicto, y, (c) la Unión incurrió en incuria al dejar transcurrir ocho meses para solicitar que se pusiera en vigor el laudo.

La oposición al laudo es inmeritoria según veremos a continuación.

1. *Conflicto con la política pública.*

La Autoridad arguye que en cumplimiento de los poderes conferidos por la ley de su creación, Ley Núm. 212 de 12 de mayo de 1942, 27 L.P.R.A. sec. 296, procedió a reorganizar y reestructurar áreas de trabajo que reflejaban pérdidas y a ajustar el servicio a las necesidades de los usuarios, lo cual inevitablemente conllevaba la reducción del personal; que el laudo es incompatible con esta reestructuración del servicio telegráfico porque si se hubiese publicado y cubierto las plazas vacantes se hubiera impedido llevar a cabo los planes de reorganización para mejorar el servicio. No es correcto.

El laudo no tiene el alcance de impedir a la Autoridad llevar a cabo sus planes de reorganización. Meramente le requiere para que cumpla con los deberes que asumió al firmar el Convenio Colectivo de publicar las plazas vacantes y de notificar a la Unión la congelación. Al respecto, el Art. X, Sec. 2, provee que: ". . . La Autoridad publicará en cada división o lugar de trabajo las diferentes plazas que tenga vacantes," y, el Art. XXVI, Sec. 3, dispone que:

"Congelación de Plazas:

La Autoridad en ningún momento podrá congelar ninguna plaza que caiga dentro de la unidad contratante *sin antes noti-*

*ficar* a la Unión, los motivos que hay para dicha congelación. La Unión tendrá hasta diez (10) días a partir de la fecha en que recibió la notificación para solicitar una investigación en el caso y de no quedar conforme con la investigación realizada, entonces procederá de acuerdo al Artículo XV, sobre quejas y agravios." (Énfasis nuestro.)

■ Tales disposiciones toman en cuenta el interés legítimo de la Unión de comprobar los méritos de la congelación y de acudir al procedimiento de quejas y agravios cuando considere que la congelación es arbitraria o irrazonable. Se promueve con ello la armonía en las relaciones obrero-patronales que es el objetivo fundamental de la negociación colectiva.

■ Es claro que la Autoridad puede llevar a cabo los planes de reorganizar en forma compatible con el método estipulado en el Convenio. No puede, sin embargo, utilizar el mecanismo de crear vacantes por tiempo indefinido y cubrirlas con personal temporero para desplazar a los trabajadores de la Unidad contratante porque ello es contrario a lo estipulado en el convenio. Al respecto el Art. *XXVIII* del Convenio dispone que:

"Contratación

La Autoridad para poder llevar a cabo su programación de trabajo, en ocasiones se ve en la necesidad de contratar servicios de corta duración por volumen, necesidad y urgencia del trabajo o servicio deseado, disponiéndose que *las personas contratadas no desplazarán a trabajadores de la Unidad Contratante.*" (Énfasis nuestro.)

2. *Laudo Conflictivo.*

■ La Autoridad sostiene que el laudo es contrario a otro emitido por un árbitro distinto en el caso A-403 pero la Junta rechaza la existencia de tal conflicto aduciendo que tanto los hechos como la controversia planteada en ambos laudos son distintas. En efecto, el laudo en el caso de autos se refiere a una controversia específica sobre la publicación

de las vacantes y la notificación a la Unión de las plazas congeladas; mientras que el laudo en el caso A-403 se refiere, según surge de su propia faz, a la contratación de concesionarios para sustituir el servicio por uno automatizado, por lo que no existe conflicto alguno entre ambos.

3. *Incuria.*

La Autoridad fundamenta este señalamiento de incuria en *J.R.T.* v. *P.R. Telephone Co., Inc.*, 107 D.P.R. 76 (1978), en el cual resolvimos que el término para acudir a la Junta de Relaciones del Trabajo para poner en vigor un laudo de arbitraje es uno razonable que se determina a la luz de los hechos y circunstancias de cada caso en particular. Consideramos allí que las circunstancias del caso no justificaban una tardanza de trece meses, señalando al respecto que la Junta no había cuestionado en ningún momento el argumento de la P.R. Telephone Co. de que el querellante había derrochado once meses en mociones y recursos de patente frivolidad.

En el caso de autos, por el contrario, la Junta cuestionó afirmativamente el planteamiento de incuria haciendo referencia a hechos específicos en el trámite que justificaron la tardanza de ocho meses transcurridos entre la fecha del laudo y la fecha en que la Unión acudió a la Junta, lo cual hace completamente inaplicable a este caso la doctrina sentada en *J.R.T.* v. *P.R. Telephone Co., Inc.*, supra.

*Se dictará sentencia bajo la Regla 50 del Reglamento de este Tribunal poniendo en vigor el laudo.*

Los Jueces Asociados Señores Rigau, Dávila y Negrón García no intervinieron.