HILTON INTERNATIONAL COMPANY, demandante, *v.* JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandada.

*Número:* O-82-38 *Resuelto:* 6 de mayo de 1982

*Amelia Fortuño Ruiz* y *Agustín Collazo Mojica*, de *Lespier, Muñoz Noya & Ramírez*, abogados del demandante; *Karen M. Loyola Peralta*, abogada de la demandada.

PER CURIAM: Mediante la presente certificación atendemos las siguientes interrogantes jurídicas formuladas por el Tribunal de Distrito federal para el Distrito de Puerto Rico (Hon. Juan M. Pérez Jiménez, Juez): (1) ¿Existe un término de prescripción establecido por ley dentro del cual la Junta de Relaciones del Trabajo de Puerto Rico tenga que radicar una acción para poner en vigor un Laudo de Arbitraje bajo la Sec. 70(2)(c) del Título 29 L.P.R.A., y cuándo comienza dicho término a correr?; y (2) ¿Si no existe un término prescriptivo establecido por ley, aplica entonces la doctrina de incuria según ésta ha sido expuesta en el caso de *J.R.T.* v. *P.R. Telephone Co., Inc.*, 107 D.P.R. 76 (1978)?

I

Las cuestiones de derecho expuestas se suscitan con relación a un incidente procesal, cuya génesis se remonta a un Laudo de Arbitraje emitido el 10 de diciembre de 1979 —enmendado el día 13— en torno al caso de Hotel Caribe Hilton y Unión Gastronómica, Local 610, Caso Núm. A-1110 en que se resuelve que "a base del Memorando de Entendimiento Núm. 2, que es parte del convenio, y según la práctica pasada de la Compañía hasta octubre de 1977, las horas extras diarias trabajadas y la compensación

correspondiente a las mismas no deben tomarse en consideración para determinar si se ha cumplido con la garantía de compensación mínima *salarial* (semanal) que provee el convenio que es lo que aplica por ser superior a lo que establece el Decreto Mandatorio para la Industria Hotelera".

Debidamente notificado, el 24 de enero de 1980, la Unión solicitó a la Junta de Relaciones del Trabajo de Puerto Rico que lo pusiera en vigor, a lo cual dicho foro accedió, el 1ro de mayo. Sin embargo, no es hasta el 22 de abril de 1981 —16 meses después— que la Junta peticionó a este Tribunal Supremo de Puerto Rico que pusiéramos en vigor dicho laudo. El 14 de mayo concedimos término a Hilton International Company para que mostrara causa por la cual no deberíamos acceder. Pendiente de ese trámite, Hilton radicó y obtuvo una orden de remoción del caso hacia la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico.

Oportunamente la Junta solicitó sentencia sumaria ante el tribunal federal para poner en vigor el laudo, a lo cual se opuso Hilton, levantando entre otras, la defensa de incuria.[1] La solución de ese incidente origina la certificación que nos ocupa.

## II

La Ley que gobierna el caso —Núm. 130 de 8 de mayo de 1945, según enmendada— dispone en su Art. 9, Sec. (2)(c):

A los fines de promover la negociación colectiva, la Junta podrá, en el ejercicio de su discreción, ayudar a poner en vigor laudos de arbitraje emitidos por organismos competentes de arbitraje, bien designados de acuerdo con cualquier convenio colectivo firmado por un patrono y una organiza-

---

[1] El estatuto federal —*Labor Management Relation Act*, 29 U.S.C. sec. 18— no provee un período prescriptivo para casos radicados bajo la Sección 301. El período prescriptivo, si alguno, que aplicaría sería el de la ley local.

ción obrera, o en virtud de cualquier acuerdo firmado por una organización obrera y un patrono. Después de emitido un laudo de Arbitraje, la Junta, a solicitud de cualquiera de las partes en el procedimiento de arbitraje, podrá dar su consejo o podrá, si fuere requerida para ello, a nombre de la parte que lo solicite, entablar acción legal adecuada ante la Corte Suprema de Puerto Rico para que se ponga en vigor el laudo de arbitraje. 29 L.P.R.A. sec. 70(2)(c).

■ Ni este precepto, como tampoco ninguno otro de la ley establece expresa ni taxativamente término prescriptivo dentro del cual deba instarse ante este Tribunal Supremo el trámite tendente a poner en vigor un Laudo de Arbitraje. Así lo aceptan las partes en sus respectivos alegatos. Debe, pues, contestarse en la negativa la primera interrogante: no existe término prescriptivo que regule estos procedimientos.

■ Como corolario de lo anterior, nuestra doctrina jurisprudencial reconoce la aplicabilidad de la doctrina de incuria a tales instancias. A tal efecto, en *J.R.T.* v. *P.R. Telephone Co.*, supra, —fundados en la dinámica del Derecho laboral orientado hacia la más pronta solución y finalidad de las controversias, según la política pública que fomenta que las disputas laborales sean adjudicadas con celeridad para preservar la paz industrial— resolvimos que no hay término de ley para pedir la intervención de la Junta de Relaciones del Trabajo, ni para ésta solicitarnos que pongamos en vigor el laudo. En dicho caso aplicamos la doctrina de incuria ante la demora de más de un año del allí querellante en acudir a la Junta. En el caso actual que nos ocupa la Junta no nos ha persuadido que debamos variar ese enfoque. En consecuencia, procede contestar en la afirmativa la segunda interrogante certificada: la doctrina de incuria según expuesta en *J.R.T.* v. *P.R. Telephone Co.*, supra, aplica al trámite ante este Tribunal que debe seguir la Junta bajo el Art. 9, Sec. 2(c) de nuestra Ley de Relaciones del Trabajo.

No nos corresponde, por ser materia que compete al Tribunal federal, decidir si en las circunstancias específicas del caso es o no aplicable la defensa de incuria. Ello dependerá de la evaluación precisa de una serie de factores fácticos con referencia a si la tardanza es injustificada o no, perjuicio que acarrea, y efectos sobre los intereses privados o públicos involucrados. *Pueblo* v. *Tribl. Superior*, 81 D.P.R. 904 (1960).

*Se dictará la correspondiente sentencia.*