JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO, demandada.

*Número:* O-82-498      *Resuelto:* 30 de noviembre de 1982

*José R. Cobián Tormos*, abogado de la recurrente; *Leticia Rodríguez García*, abogada de la recurrida.

PER CURIAM: El 2 de agosto de 1982 la Junta de Relaciones del Trabajo de Puerto Rico nos solicitó que pusiéramos en vigor un laudo de arbitraje dictado a favor de la Unión de Trabajadores de la Industria Eléctrica y Riego de Puerto Rico. El laudo fue emitido el 7 de abril de 1981 por el árbitro Fernando Hernández Benítez del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos.

El asunto que el árbitro debía resolver era si el Sr. Héctor M. Torres Urdaz tiene o no derecho al aumento de sueldo por años de servicio en la Autoridad. El señor Torres Urdaz fue reubicado por razón de incapacidad, de una plaza de Encargado de Pintura que corresponde al Grupo IV en la escala salarial a una plaza de Oficinista Mensajero que corresponde al Grupo II. Al ser reubicado conservó el salario que tenía en la primera plaza. Al cumplir 20 años de servicio la Autoridad le negó el aumento por años de servicio, señaló que su salario era superior al que correspondía a un empleado con 20 años de servicio en la plaza que él ocupaba.

El árbitro resolvió que el señor Torres Urdaz tiene derecho al aumento de sueldo por años de servicio. Su decisión estuvo basada en una decisión anterior de otro árbitro, en un caso similar a éste de otro empleado de la Autoridad.

El 19 de agosto de 1982 concedimos a la Autoridad de Energía Eléctrica la oportunidad de mostrar causa por la cual no debía ponerse en vigor el laudo. En su comparecencia la Autoridad plantea tres fundamentos por los cuales el laudo no debe ser puesto en vigor:

(1) El árbitro carecía de jurisdicción para entender en la querella, pues ésta fue presentada y promovida luego de transcurrido el término de caducidad de seis meses que dispone el Art. XXXIX del convenio colectivo.

(2) La parte promovente, así como la Junta de Relaciones del Trabajo, han incurrido en incuria al permitir que haya transcurrido un término irrazonable entre la fecha en que se emitió el laudo (7 de abril de 1981) y la interposición del recurso ante este Tribunal.

(3) El árbitro se excedió de la facultad que le impone el convenio colectivo aplicable.

■ Antes de considerar los planteamientos de la Autoridad debemos reiterar la norma que hemos adoptado de autorrestricción judicial, y que se anulará un laudo solamente si está presente alguna de las siguientes causales: fraude, conducta impropia, falta de debido procedimiento de ley, violación de la política pública, falta de jurisdicción, o que el laudo no resuelva todas las cuestiones en controversia. *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S. Co.*, 69 D.P.R. 782 (1949); *J.R.T.* v. *Otis Elevator Co.*, 105 D.P.R. 195 (1976).

■ La Autoridad basa su planteamiento de falta de jurisdicción del árbitro en que la reclamación había caducado por haber transcurrido más de seis meses desde que el

señor Torres Urdaz cumplió los 20 años en el empleo. Este fundamento carece de méritos por tratarse de una reclamación de carácter continuo. Cada vez que la Autoridad paga el salario sin incluir el aumento por años de servicio, surge nuevamente la causa de acción. El único efecto de la tardanza en hacer la reclamación es que la decisión podría retrotraerse únicamente hasta seis meses antes de la reclamación, por así disponerlo la Sec. 3 del Art. XXXIX del convenio colectivo.

El planteamiento de incuria que hace la Autoridad tampoco tiene mérito. El laudo fue notificado a las partes el 7 de abril de 1981 y la solicitud para que se ponga en vigor se hizo a la Junta el 21 de enero de 1982. La tardanza fue de nueve meses y medio. En *Buena Vista Dairy, Inc.* v. *J.R.T.*, 94 D.P.R. 624 (1967), reiterado en *J.R.T.* v. *P.R. Telephone Co., Inc.*, 107 D.P.R. 76 (1978), resolvimos que la demora de más de un año en acudir a la Junta se aparta de la norma de razonabilidad. En el caso de autos la demora fue de nueve meses y medio y durante ese término se suscitó un conflicto obrero-patronal que culminó en una huelga que duró del 20 de agosto al 10 de noviembre de 1981. Ello alteró el curso normal de los trabajos diarios para dar paso a asuntos más urgentes de la matrícula de la Unión. La Junta, a su vez, tardó aproximadamente seis meses y medio en acudir a este foro para que pusiéramos en vigor el laudo. En *Hilton Int'l Co.* v. *J.R.T.*, 112 D.P.R. 689, 692 (1982), resolvimos que la doctrina de incuria, según expuesta en *J.R.T.* v. *P.R. Telephone Co., Inc.*, supra, es de aplicación a la petición de la Junta ante este Tribunal para solicitar que se ponga en vigor un laudo de arbitraje. Dijimos que la determinación de si una parte ha incurrido o no en incuria depende de las circunstancias específicas del caso, lo que supone una evaluación de la justificación de la tardanza, el perjuicio que ésta acarrea y el efecto sobre los intereses privados o públicos involucrados. La Junta alega que la tardanza de seis meses y medio no es irrazonable, pues antes de traer la

petición ante este Tribunal debe realizar una investigación de los hechos con el patrono y la unión y tratar de reunir a las partes para lograr el cumplimiento del laudo. De otra parte, la Autoridad no nos ha señalado qué perjuicio le ha ocasionado esta demora ni qué intereses privados o públicos han sido afectados, si alguno.

Por último, la Autoridad plantea que el árbitro se excedió de las facultades que le concede el convenio colectivo y redactó nuevamente una disposición contractual. No tiene razón. El árbitro lo que hizo fue interpretar el convenio colectivo tomando en consideración sus cláusulas y el propósito del aumento de sueldo por años de servicio.

Por las razones expuestas, *se declarará con lugar la petición para que se ponga en vigor el laudo emitido y se ordenará a la Autoridad de Energía Eléctrica dar cumplimiento al mismo sin más dilación.*