# 97 DTA 106

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I, SAN JUAN**
**PANEL VI**

JOSE L. CORDERO PEREZ, JULIO ABRAHAM GARCIA Y OTROS 93
Recurrentes

v.

GUARDIA NACIONAL DE PUERTO RICO
Recurrida

Núm. KLRA-96-0005

San Juan, Puerto Rico, a 30 de abril de 1997

Panel integrado por su Presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se revisa resolución de la Junta de Apelaciones del Sistema de Administración de Personal, en adelante J.A.S.A.P., en la que se desestimó una apelación por falta de jurisdicción. Se solicitó reconsideración oportunamente y ésta fue declarada No Ha Lugar. Revocamos y remitimos a J.A.S.A.P.

### Hechos

Los recurrentes, Sr. José L. Cordero Pérez, Sr. Julio Abraham García y otros 93, son policías

militares estatales de la Guardia Nacional de Puerto Rico. Hasta 1988 estuvieron trabajando turnos de ocho (8) horas consecutivas sin disfrutar de la hora diaria para tomar alimentos ni de los períodos de descanso. A partir del 1988 disfrutan de media hora diaria para tomar alimentos cuando están en servicio.

En 1985 varios policías militares, compañeros de los recurrentes, presentaron apelación ante J.A.S.A.P. reclamando compensación por la hora de tomar alimentos, *Angel Alicea y otros 43 v. Guardia Nacional,* caso número Q-85-562. Señala el recurrente, Sr. Cordero Pérez, que por error o inadvertencia no fue incluido en la lista de los apelantes en dicho caso.

El 28 de diciembre de 1988, el Sr. Cordero Pérez, remitió una carta al entonces Ayudante General de la Guardia Nacional, General Alfredo J. Mora, en la que solicitó se le compensara por el tiempo trabajado sin disfrutar de la hora diaria de tomar alimento. El 18 de enero de 1989, el General Mora le respondió que: *"toda vez que su solicitud trata sobre un asunto sub-judice, es menester entonces postergar toda determinación hasta fecha próxima."*

Mientras tanto, J.A.S.A.P. declaró sin lugar la apelación en el caso de *Angel Alicea y otros 43 v. Guardia Nacional* y éstos presentaron un recurso de revisión ante el entonces Tribunal Superior, Sala de San Juan; pleito que terminó mediante sentencia del 15 de marzo de 1989, revocando la resolución de J.A.S.A.P. y devolviéndole el caso para que determinara el monto de la compensación, conforme al número de días que cada uno de los recurrentes trabajó sin poder disfrutar de la hora para tomar alimentos.

· J.A.S.A.P. finalmente emitió resolución en la que declaró con lugar la apelación y ordenó a la Guardia Nacional pagar a los apelantes el tiempo trabajado durante la hora para tomar alimentos. La Guardia Nacional presentó recurso de revisión ante el Tribunal Superior, Sala de San Juan, pero fue desestimado por falta de jurisdicción, según sentencia notificada y archivada en autos el 5 de marzo de 1993.

Así las cosas, el 29 de diciembre de 1994 el Sr. Cordero Pérez, envió una carta al Mayor General Emilio Díaz Colón de la Guardia Nacional reclamando la compensación correspondiente según ya señalado y conforme a lo resuelto en el caso de *Angel Alicea y otros 43 v. Guardia Nacional, supra.* En dicha carta se hizo referencia a la anterior que originalmente había dirigido al General Mora, el 18 de enero de 1989. La carta al Mayor General Díaz Colón nunca fue contestada. El Sr. Cordero Pérez envió una segunda carta al General Emilio Díaz Colón reclamando idéntica compensación, pero nunca le fue contestada.

El 31 de mayo de 1995, 74 policías de la Guardia Nacional enviaron comunicación escrita al General Emilio Díaz Colón reclamando el pago de las horas diarias de alimentos y períodos de descanso que no disfrutaron conforme a la norma entonces vigente hasta 1988, cuando se les concedió media hora diaria para tomar alimentos. Dicha comunicación incluyó un anejo con los nombres de los 74 policías militares reclamantes. Esta carta tampoco fue contestada.

El 10 de agosto de 1995, por última ocasión, el Sr. Cordero Pérez reclamó por escrito el pago de las horas de alimento y descanso trabajadas y tampoco fue contestada. El envío y recibo de tales comunicaciones escritas no está en litigio.

En el entendido de que la inacción de la Guardia Nacional constituia una denegatoria a sus reclamos, el 1ro. de noviembre de 1995 los 74 recurrentes presentaron apelación ante J.A.S.A.P. Asimismo lo hizo Cordero Pérez, mediante apelación separada.

J.A.S.A.P. consolidó ambos casos y el 6 de marzo de 1996 emitió resolución desestimatoria. Resolvió que los apelantes se habían cruzado de brazos esperando el resultado del caso de *Angel Alicea y otros 43 v. Guardia Nacional* por lo que el recurso había sido presentado fuera del plazo jurisdiccional establecido en la sección 7.15 de la Ley de Personal de Servicio Público. ▮ Los recurrentes presentaron moción de reconsideración que fue declarada No Ha Lugar, mediante resolución notificada el 8 de abril de 1996. De esa resolución los recurrentes acuden a este Tribunal y señalan como único error que:

*"ERRO LA J.A.S.A.P. AL DETERMINAR QUE LOS RECURRENTES SE CRUZARON DE BRAZOS Y AL INVOCAR LA DOCTRINA DE INCURIA PARA DECLARARSE SIN JURISDICCION."*

El 20 de junio de 1996, ordenamos a la recurrida que mostrara causa por la cual no debíamos expedir el recurso solicitado y una vez expedido, modificar la resolución de J.A.S.A.P. emitida el 6 de marzo de 1996, ordenando que considere la intervención de los recurrentes en el caso Q85562, *Angel Alicea v. Guardia Nacional,* o para que de forma independiente, y en sus méritos, atienda su reclamación.

### Exposición y Análisis

### Jurisdicción

El término para la revisión judicial de la resolución recurrida comenzó a decursar el 8 de abril de 1996. Según el inciso (a) de la Regla 5 de las de Transición del Reglamento del Tribunal de Circuito de Apelaciones:

*"(a) Toda decisión dictada o emitida por una agencia administrativa con anterioridad al 1ro. de mayo de 1996 cuyo término para recurrir al tribunal haya comenzado a decursar con anterioridad al 1ro. de mayo de 1996, se continuará tramitando bajo la ley y el Reglamento vigentes al momento en que comenzó a decursar el término para recurrir al tribunal."*

Alega la recurrida que no contamos con jurisdicción para entender en la presente causa porque la resolución recurrida fue emitida con anterioridad al 1ro de mayo de 1996 y por lo tanto dicho caso debía remitirse al Tribunal Supremo conforme al artículo 3.002 (e) de la Ley de la Judicatura de Puerto Rico de 1994.

No tiene razón. El estado de derecho vigente al momento en que comenzó a decursar el término para la revisión judicial de la resolución recurrida en el presente caso exigía que este recurso se presentara en el Tribunal Superior. En *Moscoso v. Kmart,* 138 D.P.R. ___ (1995), **95 J.T.S. 59,** el Tribunal Supremo interpretó el artículo 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994, y dispuso que sólo las agencias cuyas leyes orgánicas disponían que sus resoluciones debían ser revisadas exclusivamente por el Tribunal Superior, Sala de San Juan, serían las revisadas directamente por ese alto foro.

En el presente caso, la ley orgánica de J.A.S.A.P. dispone que las decisiones de dicha junta podrán ser revisadas por la Sala del Tribunal Superior del lugar donde resida el ciudadano o donde prestare servicios el funcionario o empleado público. 3 L.P.R.A. § 1396. Por lo tanto, como J.A.S.A.P. no es una de esas agencias cuyas resoluciones se revisaban exclusivamente por el Tribunal Superior, Sala de San Juan, el recurso de revisión debía ser presentado ante el Tribunal Superior competente y no ante el Tribunal Supremo, conforme lo resuelto en *Moscoso v. Kmart, supra.*

Sin embargo, los recurrentes radicaron su recurso de revisión ante el Tribunal de Circuito de Apelaciones. Al así actuar sólo se adelantaron por unas dos semanas al cambio de competencia, entonces próximo. Debemos señalar que la Ley de la Judicatura de 1994, según enmendada por la Ley 248 del 25 de diciembre de 1995, dispone en su artículo 9.004 que:

*"Todo recurso de revisión pendiente ante la consideración del Tribunal Superior sobre decisiones de agencias administrativas, dentro de su jurisdicción apelativa, deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta Ley, disponiéndose que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones...."*

Conforme a lo dispuesto en el artículo V, secciones 1 y 2 de la Constitución del Estado Libre Asociado de Puerto Rico, ▇ nos encontramos dentro de un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración. Por lo tanto, cuando el recurrente radicó en el Tribunal de Circuito de Apelaciones esta causa el 8 de mayo de 1996, radicó en tribunal con

jurisdicción, pero sin competencia para atender este asunto en dicho momento. Tratándose de un sólo tribunal unificado lo que entonces procedía era meramente trasladar la causa al Tribunal de Primera Instancia, Sala Superior, correspondiente.

No obstante, luego del 25 de junio de 1996, fecha en que fue efectiva la enmienda introducida a la Ley de la Judicatura de 1994, por el artículo 9.004 de la Ley Núm. 248 de 25 de diciembre de 1995, la competencia para atender este asunto ahora se encuentra en este foro. Por lo tanto, contamos con plena jurisdicción y competencia para entender en este asunto. La causa está sometida; analicemos si las reclamaciones de los recurrentes fueron hechas dentro del término prescriptivo aplicable.

### Término Prescriptivo para la Reclamación de Salarios

Las reclamaciones salariales de empleados públicos se rigen por el artículo 1867 del Código Civil, 31 L.P.R.A. § 5297, *Agostini v. Tribunal Superior,* 82 D.P.R. 219 (1960); *Aponte v. Collazo,* 125 D.P.R. 610, **90 J.T.S. 34,** a la pág. 7545, que en lo pertinente dispone que:

*"[p]or el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:*

*(1)...*

*(2)...*

*(3) La de pagar a los menestrales, criados y jornaleros el importe de sus servicios, y de los suministros o desembolsos que hubiesen hecho, concernientes a los mismos.*

*(4)...El tiempo para la prescripción de las acciones a que se refieren los cuatro párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios."* 31 L.P.R.A. sec. 5297.

Como vemos, el término prescriptivo *"se contará desde que dejaron de prestarse los respectivos servicios".* El Tribunal Supremo ha resuelto que el obrero deja de prestar los servicios cuando: (1) cesa de trabajar para su patrono, (2) interrumpe sus servicios por un período de tiempo sin explicación para ello aunque el patrono lo vuelva a emplear, y (3) cuando sin dejar de trabajar para el patrono, opera una novación del contrato por motivo de cambios sustanciales en la naturaleza de los servicios que el obrero venía prestandole." Agostini v. Tribunal Superior,* 82 D.P.R. 219, 228 (1960).

Los recurrentes alegan que la acción se presentó dentro del término prescriptivo, puesto que al momento de radicar la apelación ante J.A.S.A.P., ellos estaban trabajando para la Guardia Nacional, o habían dejado de trabajar dentro del término de los tres años, inmediatamente precedentes. Por su parte, la recurrida señala que el término prescriptivo comenzó a correr desde el 1988 y por lo tanto la acción está prescrita. Alega que en 1988, fecha en que los recurrentes comenzaron a disfrutar de media hora diaria para tomar alimentos, se produjeron cambios sustanciales en sus condiciones de trabajo y que, por lo tanto el término prescriptivo comenzó a decursar desde ese momento.

No tiene razón la recurrida. El que se le haya concedido media hora para tomar alimentos a partir de 1988 no significa que se haya operado una novación en el contrato por motivo de cambios sustanciales en la naturaleza de los servicios que el obrero venía prestando. Cualquier variación en la relación obrero-patronal no constituye una novación; tiene ésta que ser cambio sustancial y ello no se ha demostrado en la presente causa. Por lo tanto, concluimos que la reclamación de salarios no estaba prescrita a la fecha en que se instó y fue presentada en término, puesto que la prescripción tan siquiera había comenzado a decursar.

Veamos ahora si el proceso apelativo ante J.A.S.A.P. se llevó a cabo de forma adecuada.

### Apelación ante J.A.S.A.P.
La sección 7.15 de la Ley de Personal de Servicio Público, Ley Núm. 5 del 14 de octubre de 1975,

3 L.P.R.A. § 1395, establece el término que tienen los empleados para acudir en apelación ante J.A.S.A.P. y contra la situación gerencial del Estado y en lo pertinente dispone que:

*"El procedimiento de apelación será el siguiente:*

*(1) La parte afectada según la sec. 1394 de este título deberá presentar escrito de apelación a la Junta dentro de treinta (30) días a partir de la notificación de la acción o decisión objeto de la apelación.*

*(2)...*

*(3)... "*

En su resolución, J.A.S.A.P. expuso que no contaba con jurisdicción apelativa en el caso de los recurrentes, porque éstos habían incumplido con el término de dicha sección 7.15, al no acudir en apelación dentro de los treinta días que provee el ordenamiento y, por lo tanto, habían incurrido en incuria. █ A tales efectos señaló lo siguiente:

*"[c]ualquier empleado público que es objeto de una decisión o transacción que afecta los derechos que en su calidad de tal le asisten o puedan asistirle bajo la Ley de Personal, Ley Núm. 5 del 14 de octubre de 1975, según enmendada, no puede omitir el actuar diligentemente en protección de su derecho apelativo, ya que el término establecido en la sección 7.15 (1), de la mencionada ley, es uno de carácter jurisdiccional y, como tal, uno cierto, único e improrrogable. Es decir, un empleado así afectado no puede cruzarse de brazos, toda vez que el transcurso del tiempo, unido a la omisión en el actuar diligentemente por parte del interesado, constituye una instancia de incuria que como tal nos priva de jurisdicción."*

Como se sabe, los treinta días jurisdiccionales para acudir en apelación ante J.A.S.A.P., se cuentan a partir del archivo en autos de la notificación de la decisión final emitida por la agencia. No obstante, el Tribunal Supremo ha establecido como regla que cuando una agencia no notifica su decisión al querellante, advirtiéndole de su derecho a apelar ante el foro adecuado o le notifica defectuosamente, esto es, sin advertir el término dentro del cual efectuar dicho trámite, no comienza a decursar el término jurisdiccional de treinta días. Tal situación tiene la consecuencia de hacer inaplicable el término jurisdiccional, rigiendo entonces en su lugar la doctrina de incuria. *Rivera Rivera v. Departamento de Servicios Sociales,* 133 D.P.R. ___ (1992), **92 J.T.S. 169,** a la pág. 10196; *Troncoso v. Administración del Derecho al Trabajo,* 108 D.P.R. 53, 57 (1978). En el presente caso no se trata de una notificación defectuosa sobre el derecho a apelar ante J.A.S.A.P.; **aquí no hubo siquiera una decisión final de la Guardia Nacional en torno al reclamo de los recurrentes.** Consideramos, de forma análoga, que en el caso de autos el término jurisdiccional es totalmente inaplicable y que en su lugar rige la doctrina de incuria.

Incuria se define como *"una dejadez o negligencia en el reclamo de un derecho, la cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad." Aponte v. Collazo, supra,* a la pág. 7544. En el caso del recurrente, Sr. Cordero Pérez, éste hizo su reclamación a la Guardia Nacional mediante carta del 28 de diciembre de 1988, a la cual el General Mora le respondió que como su solicitud trataba sobre un asunto *sub-judice,* era menester postergar toda determinación hasta fecha próxima. Por ello, luego de concluir el caso de *Angel Alicea y otros 43 v. Guardia Nacional,* en 1993, el Sr. Cordero Pérez remitió nuevamente carta a la Guardia Nacional el 28 de diciembre de 1994 y otra el 10 de agosto de 1995. Ante la inacción de la Guardia Nacional, presentó su apelación en marzo de 1996. En cuanto a los restantes recurrentes, éstos remitieron comunicación escrita a la Guardia Nacional el 31 de mayo de 1995 y como tampoco recibieron respuesta alguna, presentaron su apelación ante J.A.S.A.P. en marzo de 1996. Tanto el Sr. Cordero Pérez, como los demás recurrentes no se cruzaron de brazos, ni fueron negligentes en el reclamo de sus derechos; reclamaron su compensación de forma adecuada, oportuna y dentro del término hábil para ello. Por tal razón no se le puede imputar a los reclamantes haber incurrido en incuria.

Veamos ahora qué derecho, si alguno, tienen los recurrentes a que se les aplique lo resuelto en el

caso de *Angel Alicea y otros 43 v. Guardia Nacional.*

## Aplicabilidad del caso

*"Angel Alicea y otros 43 v. Guardia Nacional"*

El pleito de los recurrentes es uno nuevo, totalmente separado y distinto del caso de *Angel Alicea y otros 43 v. Guardia Nacional.* ■ Es principio básico de Derecho Sustantivo que sólo las decisiones del Tribunal Supremo establecen y tienen carácter de precedente y son, como ley en la jurisdicción; aplicables y oponibles a todos los ciudadanos de la jurisdicción de Puerto Rico. En este sentido erran los recurrentes al cobijarse bajo lo resuelto en el citado caso administrativo y al solicitar que se les aplique lo allí resuelto. Sin embargo, ello no obsta para que utilicen tal dictamen como fuente persuasiva, para fundamentar·sus correspondientes acciones en forma independiente.

## Dictamen

Conforme a lo resuelto, J.A.S.A.P. tiene jurisdicción para entender en el caso de los recurrentes. Se revoca la resolución recurrida y se devuelve el caso a dicho foro para que previo el debido trámite determine si los recurrentes tienen derecho a sus reclamos y si lo tienen, para que determine la cantidad que a cada uno corresponde.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 106

**1.** La sección 7.15 de la Ley de Personal del Servicio Público, Ley Núm. 5 del 14 de octubre de 1975, 3 L.P.R.A. § 1395, dispone:

*"El procedimiento de apelación será el siguiente:*

*(1) La parte afectada según la sec. 1394 de este título, deberá presentar escrito de apelación a la Junta dentro de treinta (30) días a partir de la notificación de la acción o decisión objeto de la apelación.*

*(2) La Junta podrá ordenar una investigación, y como resultado de la misma podrá desestimar la apelación por considerarla frívola, o podrá ordenar la celebración de una vista pública, con citación de las partes envueltas.*

*(3) La Junta dispondrá por reglamento los procedimientos que gobernarán la vista pública, sea ésta celebrada ante la Junta en pleno o ante un Oficial Investigador."*

**2.** Las secciones 1 y 2 del artículo V de nuestra Constitución, disponen:

*"§ 1. [Poder judicial; Tribunal Supremo; otros tribunales]*

*El Poder Judicial de Puerto Rico se ejercerá por un Tribunal Supremo, y por aquellos otros tribunales que se establezcan por ley.*

*§ 2. [Sistema judicial unificado; creación, competencia y organización de los tribunales]*

*Los tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración. La Asamblea Legislativa, en cuanto no resulte incompatible con esta Constitución, podrá crear y suprimir tribunales, con excepción del Tribunal Supremo, y determinará su competencia y organización."*

**3.** Tal manifestación ha de corresponder a una inadvertencia de redacción, pues cuando gobierna término específico en ley no podemos también referirnos a la incuria. *Hilton v. J.R.T.,* 112 D.P.R. 689 (1982); *Piovanetti v. Martínez,* 99 D.P.R. 663

(1971).

**4.** El Sr. Cordero Pérez pudo haber accesado al trámite mediante moción de intervención. Regla 21 de las de Procedimiento Civil, 32 L.P.R.A. Ap. R. 21. Sin embargo, decidió no hacerlo, probablemente debido a que la Guardia Nacional le notificó que debía postergar su solicitud hasta que el Tribunal informara la determinación correspondiente.