ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| DEPARTAMENTO DE EDUCACIÓN Y OTROS<br><br>Peticionario<br><br>v.<br><br>RAMONITA ARCE RUBERTÉ,<br>COMISIÓN APELATIVA DEL SERVICIO PÚBLICO<br><br>Recurrido | KLCE202400172 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre:<br>Revisión de Laudo de Arbitraje Obrero-Patronal Núm. L-21-041 emitido por la Hon. Árbitro Jeovany Vázquez Ocasio, de la Comisión Apelativa del Servicio Público<br><br>Caso Número:<br>SJ2021CV07900 |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortíz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

### RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece la parte peticionaria, el Departamento de Educación (en adelante, ¨peticionario¨ o ¨DE¨) mediante recurso de *Certiorari Civil* y solicita la revisión de la *Sentencia* dictada el 22 de diciembre de 2023, notificada el 26 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, ¨TPI¨). Mediante el referido dictamen, el TPI declaró No Ha Lugar el recurso de revisión judicial presentado por el DE y confirmó un *Laudo de Arbitraje* dictado por la Comisión Apelativa del Servicio Público (en adelante, ¨CASP¨). En la misma, se dejó sin efecto la destitución de la Sra. Ramonita Arce Ruberté (en adelante, ¨recurrida¨ o ¨Sra. Arce Ruberté¨) y ordenando al DE la devolución de los salarios y haberes dejados de recibir.

Por los fundamentos que expondremos a continuación, se *deniega* el auto de *certiorari* solicitado.

**I.**

El 21 de noviembre de 2013, el entonces Secretario del DE, Hon. Rafael Román Meléndez (en adelante, ˝Secretario˝), le notificó a la Sra. Arce Ruberté de su intención de iniciar un procedimiento disciplinario en su contra y la relevó sumariamente de su empleo, sin privación de sueldo. La misiva le imputó a la recurrida un patrón de conducta irrespetuosa hacia una compañera de trabajo entre agosto de 2012 y septiembre de 2013.

Luego, el 31 de octubre de 2014, el Secretario le cursó a la Sra. Arce Ruberté una carta de destitución de su puesto permanente de Contador III en la Región Educativa de Mayagüez.

Inconforme, el 10 de marzo de 2015, la Sra. Arce Ruberté presentó una *Apelación* ante la CASP. Luego de varios trámites procesales, el 19 de marzo de 2021, se celebró una Vista de Arbitraje. Durante la Vista, el DE presentó el testimonio de la Sra. Marta I. Olmos Matías, investigadora de querellas, y del Sr. Francisco Nieves Sánchez, supervisor directo de la recurrida. Además, presentó como evidencia documental el Informe de Investigación realizado por el DE y la declaración jurada del Sr. Nieves Sánchez.

Por otro lado, las partes pactaron que el laudo arbitral fuera conforme a derecho.

El 24 de septiembre de 2021, la CASP emitió un *Laude de Arbitraje*, en el cual concluyó que la destitución de la Sra. Arce Ruberté no estuvo justificada. A su vez, ordenó al DE a reinstalar a la recurrida en su puesto de Contador III y devolverle los salarios y haberes dejados de recibir. La CASP determinó que el DE no

presentó prueba suficiente para probar la conducta imputada. Específicamente, resolvió que:

> [...] **La AGENCIA present[ó] el Informe de Investigación de este caso el cual describió unos incidentes en que el que est[á] envuelta la QUERELLANTE junto con varias Declaracio[es] Juradas de otros empleados. Sin embargo, estos empleados no fueron presentados como testigos en este caso por lo que la parte Querellante no tuvo la oportunidad de contrainterrogar a estos testigos ni a confrontar la prueba. Por lo tanto, esta evidencia no será considerada.** Fuera de lo ya mencionado no se presentó algún otro testigo[,] solo el Sr. Nieves.
>
> [...]
> **Luego de haber evaluado la prueba presentada determinamos que la misma no fue suficiente para probar todos los hechos que se le imputaron en la carta de intención de medida disciplinaria.** Es sabido que el peso de probar los hechos recae en la AGENCIA por ser una medida disciplinaria. Ya que el patrono, de ordinario, está en control y en posesión de toda la información necesaria para que la cuestión pueda ser resuelta. *JRT v. AEE,* 113 DPR 564. Ante el hecho que la AGENCIA no presen[ó] prueba suficiente en este caso[,] concluimos que el mismo no fue probado. Por tanto, se determinó que no hubo justa causa para la imposición de la medida disciplinaria de destitución en contra de la QUERELLANTE. (Énfasis suplido).

Posteriormente, el 1 de diciembre de 2021, el DE presentó un recurso de *Revisión Judicial de Laudo de Arbitraje* ante el TPI. Alegó que la CASP intervino irrazonablemente con la discreción del Secretario al eliminar la medida disciplinaria impuesta a la Sra. Arce Ruberté. Además, arguyó que la CASP aplicó incorrectamente las Reglas de Evidencia al no admitir el Informe de Investigación presentado por el DE. También, señaló que la CASP actuó arbitraria e irrazonablemente al no considerar el contenido de las declaraciones de los testigos e impartirle el valor probatorio que merecían.

El 6 de diciembre de 2021, el DE presentó la transcripción de la Vista de Arbitraje.

El 10 de octubre de 2022, la Sra. Arce Ruberté presentó su oposición al recurso de revisión. La recurrida alegó que la CASP

actuó correctamente al excluir el Informe de Investigación, ya que no fue estipulado ni presentado como evidencia.

Luego de varios trámites procesales, el 22 de diciembre de 2023, el TPI emitió una *Sentencia*, notificada el 26 de diciembre de 2023. Mediante el referido dictamen, el TPI declaró No Ha Lugar el recurso de revisión presentado por el DE y confirmó el *Laudo de Arbitraje* dictado por la CASP. Particularmente, concluyó lo siguiente:

> **Surge del laudo y de los documentos que obran en el expediente judicial que el Departamento presentó dos testigos, de los cuales uno fue una investigadora, que no fue quien presentó el informe de investigación ni realizó las entrevistas de campo. Tampoco se presentaron los testimonios de los empleados y empleadas involucrados en los incidentes que se le imputaron a la señora Arce Ruberté.** Según expresó la árbitra en el laudo ¨estos empleados no fueron presentados como testigos en este caso por lo que la parte Querellante no tuvo la oportunidad de contrainterrogar a estos testigos ni confrontar la prueba¨.

> [...]

> Por tanto, determinamos que no se cometió el error imputado por el Departamento de Educación. De un análisis del caso surge que las determinaciones de la Árbitra Vázquez Ocasio tienen base racional en la evidencia sustancial que le fue presentada y aquilatada. **El récord está carente de prueba de que se haya actuado erradamente, arbitrariamente, ilegalmente o en forma tan irrazonable que su actuación constituya un ejercicio fuera de su discreción.** En fin, la decisión de la árbitra goza de una presunción de legalidad y corrección que debe ser respetada mientras la parte que la impugna no produzca suficiente evidencia para derrotarla. *Misión Ind. P R v. JP*, 146 DPR 64 (1998). (Énfasis suplido).

El 3 de enero de 2024, el DE presentó una *Moción de Reconsideración a Sentencia*. Ante ello, el 9 de enero de 2024, el TPI dictó una *Orden* declarando No Ha Lugar la solicitud de reconsideración.

Inconforme, el 9 de febrero de 2024, el DE compareció ante esta Curia mediante *Petición de Certiorari* y solicitó que se revoque

el dictamen recurrido y se reinstale la sanción impuesta a la Sra. Arce Ruberté. El DE realizó el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al confirmar el *Laudo de Arbitraje* de CASP[,] a pesar de que la Árbitro abusó de su discreción al no considerar la totalidad de la evidencia presentada por el DE.**

El 13 de febrero de 2024, emitimos una *Resolución* en la cual le ordenamos a la parte recurrida la presentación de su alegato en oposición, conforme dispone la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 37.

El 11 de marzo de 2023, el DE presentó tardíamente su alegato en oposición.

Perfeccionado el recurso y examinados los documentos que obran en el expediente, estamos en posición de resolver.

## II.

### A. El *certiorari*

El auto de *certiorari,* constituye un vehículo procesal discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). En lo aquí pertinente, debemos mencionar, que el Tribunal Supremo de Puerto Rico ha expresado que la revisión de órdenes y sentencias emitidas por el foro primario, confirmando, modificando, corrigiendo o revocando un laudo de arbitraje, son revisables mediante el recurso de *certiorari*. *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 23 (2011).

Los criterios que guían nuestra facultad discrecional al determinar la expedición de un recurso de *certiorari* están establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B. Dicha regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B. El arbitraje**

El arbitraje es un método alternativo de solución de disputas, existe como alternativa al litigio tradicional. *Aut. Puertos v. HEO*, 186 DPR 417, 424 (2012). El proceso de arbitraje le impone un carácter excluyente al proceso judicial, ya que una cláusula de arbitraje es un contrato que impide a los jueces y tribunales conocer en primera instancia de los conflictos o cuestiones litigiosas sometidas a arbitraje. *Indulac v. Central General de Trabajadores*, 207 DPR 279, 194 (2021).

El arbitraje en el ámbito laboral surge como parte del proceso de negociación colectiva. *Íd.* Ello surge cuando en un convenio colectivo se pacta someter a arbitraje las controversias que puedan surgir entre el patrono y los empleados. *Íd.* Es importante

mencionar, que en nuestro ordenamiento jurídico se favorece el arbitraje, en especial en el entorno obrero-patronal, pues es un proceso menos técnico, más flexible y menos oneroso que los tribunales de justicia. *Íd.*

Los procedimientos de arbitraje y laudos emitidos en el campo laboral disfrutan de una gran deferencia por parte de los tribunales. *J.R.T. v. Adm. Muelles Mun. de Ponce*, 122 DPR 318, 325 (1941). La deferencia brindada cede cuando se demuestra la existencia de fraude, conducta impropia del árbitro, falta del debido proceso de ley, ausencia de jurisdicción, omisión de resolver todas las cuestiones en disputa o que sea contrario a la política pública. *Íd.*

Con relación a la revisión judicial de los procesos de arbitraje, nuestro más alto foro ha expresado que, aunque la intervención no esté vedada, ante un convenio de arbitraje lo más prudente es la abstención judicial. *UCPR v. Triangle Engineering Corp.*, 136 DPR 133 (1994). Por ello, cuando se acuerda el uso del arbitraje como mecanismo para ajustar las controversias, se crea un foro sustituto a los tribunales de justicia, cuya interpretación merece gran deferencia. *López v. Destilería Serrallés*, 90 DPR 245 (1964); *JRT v. Junta Adm. Muelle Mun. de Ponce,* 122 DPR 318 (1988).

Es por esto que la revisión de los laudos de arbitraje se circunscribe al determinar:

(1)  la existencia de fraude,

(2)  conducta impropia,

(3)  falta del debido proceso de ley,

(4)  violación a la política pública,

(5)  falta de jurisdicción o,

(6)  que el laudo no resuelve todos los asuntos en controversia. *COPR v. SPU,* 181 DPR 299, 319 (2011).

No obstante, si las partes pactan que el laudo arbitral sea conforme a derecho, los tribunales podrán corregir errores jurídicos en atención al derecho aplicable. Ello significa que el árbitro no puede ignorar o dejar pasar por desapercibidas las normas interpretativas, en el campo laboral, de derecho sustantivo emitidas por el Tribunal Supremo de Estados Unidos, y el de Puerto Rico. *JRT v. Hato Rey Psychiatric Hospital,* 119 DPR 62, 68 (1987).

De igual modo, las decisiones de los tribunales de primera instancia, de las agencias administrativas y los laudos arbitrales se reputarán persuasivos. *Íd.* En tal supuesto, la revisión judicial de los laudos de arbitraje es análoga a la revisión judicial de las decisiones administrativas. *Rivera v. Dir. Adm. Trib.*, 144 DPR 808, 821-822 (1998); *Condado Plaza v. Asoc. Emp. Casinos PR,* 149 DPR 347 (1999); *UCPR v. Triangle Engineering Corp.*, *supra.* Sin embargo, el Tribunal Supremo de Puerto Rico ha aclarado que la intervención judicial no se justifica por una mera discrepancia de criterio con el árbitro ya que se destruiría la esencia de los procesos de arbitraje. *UGT v. Hima San Pablo Caguas*, 202 DPR 917, 929 (2019). Por lo tanto, es la norma que los foros judiciales apelativos tendrán la autoridad para revisar todas las cuestiones de derecho sustantivo resueltas por el árbitro para poder determinar si son correctas. *COPR v. SPU, supra,* pág. 370. Es decir, procede la anulación del laudo solo si no se ha resuelto la controversia conforme a derecho. *Íd.*

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro

deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos laudos en los que haya mediado fraude, conducta impropia del árbitro, falta del debido proceso de ley, ausencia de jurisdicción, omisión de resolver todas las cuestiones en disputa o que sea contrario a la política pública. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones